```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
THE NEW YORK CITY DISTRICT COUNCIL OF    :
CARPENTERS PENSION FUND, NEW YORK CITY   :
DISTRICT COUNCIL OF CARPENTERS WELFARE   :
FUND, NEW YORK CITY DISTRICT COUNCIL OF  :
CARPENTERS ANNUITY FUND, NEW YORK CITY   :
DISTRICT COUNCIL OF CARPENTERS           :
APPRENTICESHIP, JOURNEYMAN RETRAINING,   :
EDUCATION AND INDUSTRY FUND, NEW YORK    :
CITY DISTRICT COUNCIL OF CARPENTERS      :
CHARITY FUND by Frank Spencer and Paul   :   10 Civ. 1360 (DLC)
O'Brien as Co-Chairman of the Board of   :
Trustees, THE NEW YORK CITY AND VICINITY :
CARPENTERS LABOR-MANAGEMENT CORPORATION, :      MEMORANDUM
PETER THOMASSEN, as Assistant Supervisor :    OPINION & ORDER
of The District Council For New York City:
and Vicinity, and UNITED BROTHERHOOD OF  :
CARPENTERS AND JOINERS OF AMERICA,       :
                                         :
                      Plaintiffs,        :
                                         :
             -v-                         :
                                         :
JIM WEBBER AND ASSOCIATES, INC.,         :
                                         :
                      Defendant.         :
                                         :
-----------------------------------------X
```

APPEARANCES:

For Plaintiffs:

Andrew GraBois
O'Dwyer & Bernstien, LLP
52 Duane Street
New York, NY 10007

DENISE COTE, District Judge:

Plaintiffs New York City District Council of Carpenters

Pension Fund, New York City District Council of Carpenters

Welfare Fund, New York District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Education and Industry Fund, New York City District Council of Carpenters Charity Fund, New York City and Vicinity Carpenters Labor-Management Corporation, Peter Thomassen, and United Brotherhood of Carpenters and Joiners of America (collectively, "plaintiffs" or "Funds"), seek confirmation of an arbitration award dated December 19, 2009 (the "Award") against Jim Webber & Associates, Inc. ("defendant").  On March 19, 2010, the plaintiffs moved for confirmation of the Award and entry of judgment against defendant.  For the following reasons, the motion is granted.

                          BACKGROUND

At all times relevant to this action, defendant was a subcontractor involved in performing work related to the exterior modernization of P.S. 103, a public school in the Bronx (the "Project").  Work on the Project was governed by a Project Labor Agreement executed on November 10, 2004 (the "PLA").  On July 10, 2006, the defendant, acting through its president, James Webber, signed a "Sub-Contractor Affidavit of Project Labor Agreement" (the "Subcontractor Affidavit") reflecting defendant's intent to "be bound by the provisions of the [PLA] with respect to all Work to be performed under this

                                2

solicitation."  The PLA provides in its Article 11, Section 2, Subsection A that "[t]he Contractors agree to pay promptly contributions . . . to th[e] established jointly trusteed employee benefit funds," and Subsection B provides that "[t]he Contractor agrees to be bound by the written terms of the legally-established jointly trusteed Trust Agreements."  The Trust Agreements, in turn, require employers to permit the Funds to conduct an audit of the employers' books and records in order to determine compliance with the employers' obligation to contribute to the Funds.  The Trust Agreements provide that any disputes arising under the Trust Agreements are to be resolved through arbitration before a specified impartial arbitrator, and that attorneys' fees and costs may be awarded therein and in any subsequent legal proceedings.

On November 24, 2009, plaintiffs filed a Notice of Intention to Arbitrate seeking to compel the defendant to permit the Funds to conduct an audit of its books and records for the period July 5, 2007 through November 23, 2009.  On December 1, 2009, Robert Herzog, Esq. (the "Arbitrator") issued a Notice of Hearing directing the parties to appear at a hearing scheduled for December 15, 2009.  On December 15, the defendant failed to appear at the hearing.  Following a presentation of the evidence by plaintiffs at the hearing, the Arbitrator concluded that the

plaintiffs' evidence of the defendant's non-compliance was "substantial and credible."

The Arbitrator's December 19 Award concludes that defendant is in violation of the terms of the Sub-Contractor Affidavit, the PLA, and the Trust Agreements.  The Award directs the defendant to "permit and facilitate . . . an audit of its books and records for the period of July 5, 2007 through November 23, 2009 to determine whether it is in compliance with its obligations to contribute to the Funds."  The Award also orders the defendant to pay the Funds their counsel's fees, the Arbitrator's fee, and court costs in the aggregate amount of $2,350.00 plus 5.25% interest.

On February 19, 2010, plaintiffs commenced this action to confirm and enforce the Award as well as recover their attorneys' fees and costs in this confirmation action.  On March 19, plaintiffs moved for summary judgment.[1]  Pursuant to a scheduling Order dated February 25, defendant's opposition to plaintiffs' motion was due by April 16.  The defendant did not file an opposition, nor did the defendant answer the complaint or otherwise appear in this action.

---

[1] On March 19, plaintiffs also filed affidavits of service attesting that the defendant was served with the summons and complaint on March 2 and with the summary judgment motion on March 19.  Service of the summons and complaint was effected through the New York Secretary of State, while the summary judgment motion was sent by mail to the defendant directly.

4

DISCUSSION

"A court reviewing an arbitration order 'can confirm and/or vacate the award, either in whole or in part.'" Robert Lewis Rosen Associates, Ltd. v. Webb, 473 F.3d 498, 504 (2d Cir. 2007) (quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006)).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  D.H. Blair & Co., 462 F.3d at 110 (citation omitted).  A court's review of an arbitration award is "severely limited" so as not to frustrate unduly the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."  Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).  Indeed, "the showing required to avoid confirmation is very high," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

Default judgments are "generally inappropriate" in confirmation proceedings, however.  Id. at 109.  Instead, a petition to confirm should be "treated as akin to a motion for

summary judgment based on the movant's submissions." Id. at 109. Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts "in the light most favorable" to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Holcomb v. Iona Coll., 521 F.3d 130, 132 (2d Cir. 2008). In the arbitration context, "even where a non-moving party fails to respond," the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." D.H. Blair & Co., 462 F.3d at 109-10 (citation omitted).

   The plaintiffs have sufficiently supported their petition for confirmation and have demonstrated that there is no question of material fact that remains to be resolved. The plaintiffs include with their summary judgment motion copies of the PLA, the Sub-Contractor Affidavit, and the Trust Agreements, which together demonstrate that defendant willingly assumed a duty to make its books and records available for a compliance audit. Moreover, defendant has not come forward with any evidence,

either in this proceeding or before the Arbitrator, to show that defendant has complied with its contractual commitments.

## CONCLUSION

The plaintiffs' March 19, 2010 motion to confirm the arbitration award is granted, and the plaintiffs' application for attorney's fees and costs associated with this confirmation action is granted. The Clerk of Court shall enter judgment for the plaintiffs and shall close the case.

SO ORDERED:

Dated:   New York, New York
         May 10, 2010

                              _____
                                    DENISE COTE
                              United States District Judge